NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAKHMATULLA ASATOV,**
*Petitioner,*

**v.**

**DEPARTMENT OF LABOR,**
*Respondent.*

---

2013-3047

---

Petition for review of the Merit Systems Protection Board in Nos. PH3330120390-I-1, PH3330120391-I-1, and PH3330120392-I-1.

---

Decided: October 16, 2013

---

RAKHMATULLA ASATOV, of Plainville Connecticut, pro se.

JEFFREY D. KLINGMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. On the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, REGINALD T.

BLADES, JR., Assistant Director, and KIMBERLY I.
KENNEDY, Trial Attorney.

———————————

Before PROST, BRYSON, and REYNA, *Circuit Judges.*

PER CURIAM.

Rakhmatulla Asatov seeks review of a final decision
of the Merit Systems Protection Board ("Board") denying
his request for corrective action under the Veterans
Employment Opportunities Act of 1998 ("VEOA"). *Asatov
v. Dep't of Labor*, PH-3330-12-0390-I-1 (M.S.P.B. Sep. 27,
2012) ("Board Op."). For the reasons set forth below, we
*affirm*.

BACKGROUND

Mr. Asatov, a preference-eligible veteran, applied for
three competitive service positions with the Department
of Labor ("DOL"): DE-12BOS-VETS-66 (vacancy 66)
located in Boston, Massachusetts; DE-12-BOS-VETS-67
(vacancy 67) located in Albany, NY; and DE-12-BOS-
VETS-68 (vacancy 68) located in New York, NY. Con-
sistent with competitive service internal procedures, the
DOL processed applications for these three positions by
using a category rating system. Based on their responses
to nineteen questions, candidates were placed in one of
three categories: Category A (best qualified); Category B
(well qualified); or Category C (qualified).

Mr. Asatov was placed at the top of Category B based
on his score and his status as veteran. Because sufficient
Category A candidates applied for each position, the DOL
prepared certificates of eligible candidates listing only
Category A candidates. For vacancies 67 and 68, the DOL
also prepared Veterans' Recruitment Appointment (VRA)
certificates, which are normally prepared only in connec-
tion with job openings in the non-competitive service. The
DOL ultimately filled vacancies 67 and 68 with candi-

dates listed in the competitive certificates. The DOL did not fill vacancy 66 because selected candidates declined the position and the certificate expired.

Mr. Asatov filed three appeals with the Board on June 2, 2012, asserting that the DOL violated his VEOA rights when it failed to select him for any of the three vacancies. Mr. Asatov made two arguments: first, that the DOL denied him the opportunity to compete for the positions in violation of 5 U.S.C. § 3304(f)(1), and second, that the DOL failed to give him credit for service in the armed forces in violation of 5 U.S.C. § 3311. The Board held a hearing on September 4, 2012.

The Board rejected Mr. Asatov's arguments in a written opinion dated September 27, 2012. Regarding the first argument, the Board concluded that § 3304(f)(1) does not apply to Mr. Asatov's selection process because that section of the statute concerns vacancies filled according to merit promotion procedures, and the DOL announced and filled the three positions at issue here under OPM's delegated examining authority procedures for the competitive service. Regarding the VRA certificates, the Board found that they were prepared by mistake because the DOL was not following merit promotion procedures to fill the positions. The Board also noted that, in any event, Mr. Asatov was not disabled and had not asserted that he was otherwise eligible for inclusion in either of the VRA certificates. The Board next concluded that, even if § 3304(f)(1) did apply, Mr. Asatov was not denied the right to compete by being placed in the list of Category B applicants because he was not qualified for placement in Category A.

The Board also rejected Mr. Asatov's second argument. The Board reviewed the nineteen questions accompanying the vacancy announcements and concluded that the questions were designed to elicit information regarding experience and education background, both highly

pertinent to the rating process. Because Mr. Asatov had not challenged the relevance of any of the questions or alleged that his answers were rated incorrectly, the Board concluded that the DOL properly considered Mr. Asatov's experience in determining whether he was qualified for the positions. Accordingly, the Board denied Mr. Asatov's request for corrective action.

Mr. Asatov timely sought review of the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We may reverse the Board's final decision only if we determine that it is (1) arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 5503(c); *see also Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

We agree with the Board that 5 U.S.C. § 3304(f)(1) does not apply to Mr. Asatov's situation because the three positions in question were not merit promotion appointments. *See* Board Op. at 5. *See also* § 3304(f)(1) ("Preference eligibles or veterans . . . may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce *under merit promotion procedures*") (emphasis added). We also agree that substantial evidence supports the Board's factual conclusion that Mr. Asatov was afforded an opportunity to compete and that he received proper credit for his experience. *See id.* at 5-7.

The Board's finding that the three vacancies were announced and filled following competitive examination procedures is supported by substantial evidence. After reviewing the record, the Board determined that the

positions were announced according to OPM's delegated examining authority procedures for competitive service appointments. The Board credited testimony by two DOL human resources employees who testified that the VRA certificates should not have been prepared because DOL was not using merit promotion procedures to fill the vacancies. To the extent that Mr. Asatov challenges the Board's credibility determinations, we find no basis in the record to disturb them. *See Pope v. U.S. Postal Serv.*, 114 F.3d 1144, 1149 (Fed. Cir. 1997) ("As an appellate court, we are not in position to re-evaluate [the Board's] credibility determinations, which are not inherently improbable or discredited by undisputed fact.").

Mr. Asatov also argues that the DOL violated his veterans' preference rights "by failing to refer [his] name to the selecting official as a VRA candidate on a non-competitive list of eligibles." Appellant's Informal Br. at 2. According to Mr. Asatov, the Board erred in failing to consider that DOL "referred some VRA eligible applicants for further consideration but excluded others." *Id.* at 1. But it appears from the record that this argument was not raised before the Board and we therefore decline to address it here. *See* Board Op. at 5 n.5; *see also Simmons v. Dep't of the Army*, 194 F.3d 1331 (Fed. Cir. 1999). In any event, the Board did not need to determine whether Mr. Asatov was entitled to be included in the VRA certificates because it found that the certificates were issued in error, and that the appointments were filled according to competitive examination procedures. Therefore, we conclude that the Board correctly determined that the DOL did not violate Mr. Asatov's VEOA rights by not including him in the delegated examining certificates of eligibles.[1]

---

[1]    Mr. Asatov also argues that the Board failed to consider 5 U.S.C. §§ 3330c(a) and 7701(c)(2). Section 3330c(a) does not apply here because the Board did not

CONCLUSION

Because we perceive no legal error in the proceedings below, and we find substantial evidence to support the Board's factual findings, we *affirm* the final decision of the Board dismissing Mr. Asatov's appeals.

**AFFIRMED**

COSTS

Each party shall bear its own costs.

---

determine that the agency has violated a right described in § 3330a. *See* § 3330c(a). Section 7701(c)(2) is also inapplicable because Mr. Asatov has not shown harmful error in the application of DOL's procedures or a prohibited personnel practice described in section 2301(b). *See* § 7701(c)(2).