NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AISHA TRIMBLE,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2023-1279

---

Petition for review of the Merit Systems Protection Board in No. DA-3330-22-0251-I-1.

---

Decided:  September 12, 2023

---

AISHA TRIMBLE, Dallas, TX, pro se.

RAFIQUE OMAR ANDERSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

---

Before MOORE, *Chief Judge*, REYNA and TARANTO, *Circuit Judges*.

PER CURIAM.

Aisha Trimble appeals a decision of the Merit Systems Protection Board (Board) denying her request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). For the following reasons, we *affirm*.

## BACKGROUND

Ms. Trimble is an honorably discharged, preference-eligible veteran who served on active duty in the United States Army from August 1996 to June 2000. Appx. 16.[1] In January of 2022, Ms. Trimble applied for the position of Executive Assistant in the Region 6 team of the Federal Emergency Management Agency (FEMA) in Denton, Texas. *Id.* The Executive Assistant position was announced through FEMA's merit promotion process, *id.* at 22, 77–79, which permits the "position [ ] to be filled by an employee of the agency or by an applicant from outside the agency who has 'status' in the competitive service," *Joseph v. F.T.C.*, 505 F.3d 1380, 1382 (Fed. Cir. 2007) (citing 5 C.F.R. § 335.103(b)(1)). By statute, veterans are eligible to apply for all positions listed through the merit promotion process. *Id.* (citing 5 U.S.C. § 3304(f)). Ms. Trimble was initially selected as one of the best qualified candidates and was invited, along with other candidates, to interview for the position. Appx. 16.

Ms. Trimble was ultimately not selected for the Executive Assistant position, which was instead offered to another, non-veteran interviewee. *Id.* at 12. Ms. Trimble appealed that decision to the Board, arguing the selection process violated the VEOA's provisions requiring veterans be given "the opportunity to compete" for merit promotion positions, *see* 5 U.S.C. § 3304(f)(1), and veterans' preferences in hiring decisions, *see* 5 U.S.C. § 3330a(a)(1)(A)

---

[1]    Citations to "Appx." refer to the appendix attached to the Respondent's Informal Brief.

(providing a cause of action to "a preference eligible who alleges that an agency has violated such individual rights . . . relating to veterans' preference"). The Board denied Ms. Trimble's request for corrective action under the VEOA. *See Trimble v. Dep't of Homeland Sec.*, No. DA-3330-22-0251-I-1 (M.S.P.B. Oct. 7, 2022) (reproduced at Appx. 15–23). Amongst other things,[2] the Board determined Ms. Trimble failed to show she was not accorded a fair opportunity to compete, Appx. 18–20, and that, because the Executive Assistant position was undisputedly listed through the merit promotion process, Ms. Trimble was "not entitled to veterans' preference," Appx. 22 (quoting *Joseph*, 505 F.3d at 1383). Ms. Trimble timely appealed to this Court.[3] We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## DISCUSSION

On appeal, Ms. Trimble disputes the Board's determinations that she failed to establish she was deprived of a fair opportunity to compete and application of veterans' preferences. We must uphold the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been

---

[2]　The Board also rejected Ms. Trimble's claims that FEMA violated 38 U.S.C. § 4214 and 5 C.F.R. § 315.611. Appx. 22. Ms. Trimble does not appeal those rulings.

[3]　This is not the first case in which Ms. Trimble has brought VEOA claims based on her non-selection for an Executive Assistant position within a government agency. In *Trimble v. Dep't of Veterans Affs.*, No. 2023-1306, 2023 WL 4287195 (Fed. Cir. June 30, 2023) (non-precedential), we upheld the Board's decision regarding substantially similar VEOA claims arising from Ms. Trimble's non-selection for an Executive Assistant position within the Department of Veterans Affairs (VA).

followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's finding that Ms. Trimble was given a fair opportunity to compete for substantial evidence. *See Asatov v. Dep't of Lab.*, 542 F. App'x 930, 932 (Fed. Cir. 2013) (non-precedential) (affirming on substantial evidence "the Board's factual conclusion that [the veteran] was afforded an opportunity to compete"). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McLaughlin v. Off. of Pers. Mgmt.*, 353 F.3d 1363, 1369 (Fed. Cir. 2004). We review the Board's legal conclusions, including the interpretation of statutes and precedent, de novo. *See Abell v. Dep't of Navy*, 343 F.3d 1378, 1383 (Fed. Cir. 2003).

With respect to Ms. Trimble's claim that she was deprived of a fair opportunity to compete in violation of § 3304(f)(1), we hold substantial evidence supports the Board's finding to the contrary. Ms. Trimble alleges she was deprived of that opportunity because another candidate was "preselected" for the position despite being ineligible and the conducted interviews were "fake" and only intended to provide the illusion of fair competition. *See* Appellant's Informal Op. Br. at 2–10. The Board considered these allegations but found them speculative, wholly unsupported by evidence, and contrary to the evidence of record. Appx. 19–20. In particular, the Board credited testimony that, contrary to Ms. Trimble's allegations, the candidate ultimately selected was eligible for promotion and was not informed of her tentative selection until well after interviews with each candidate were completed, belying claims of preselection. *Id.* The Board likewise rejected Ms. Trimble's allegations that the interviews were pretextual and that a letter from the interview panel to the selecting official recommending the selectee was a "deceptive, forged document," crediting those officials' sworn testimony that the interview process was identical for each candidate and that the letter was genuine. *Id.*; *see also*

Appx. 64 (recommendation letter).  This is substantial evidence supporting the Board's finding that Ms. Trimble did not establish she was denied a fair opportunity to compete for the Executive Assistant position.

With respect to Ms. Trimble's claim that she was improperly deprived of veterans' preferences in violation of § 3330a(a)(1)(A), we hold the Board correctly concluded the veterans' preference was inapplicable to the merits promotion position for which Ms. Trimble applied.  While the VEOA ensures veterans have the opportunity to compete for positions announced through the merit promotion process, it does not provide for application of the veterans' preference in that context.  Indeed, § 3304(f)(3) of the VEOA expressly states the "opportunity to compete" provision of § 3304(f) "shall not be construed to confer an entitlement to veterans' preference that is not otherwise required by law."  In short, "an employee is not entitled to veterans' preference in the merit promotion process."  *Joseph*, 505 F.3d at 1383 (quotation omitted).  It is undisputed the Executive Assistant position for which Ms. Trimble applied was announced through the merit promotion process.  Appx. 22; Appx. 77–79 (vacancy announcement).  FEMA's alleged failure to apply the veterans' preference to Ms. Trimble's application for a merit promotion position therefore does not establish a VEOA violation as a matter of law.

## CONCLUSION

We have considered Ms. Trimble's other arguments and find them unpersuasive.  For the reasons given, we affirm the Board's denial of corrective action under the VEOA.

## AFFIRMED

### COSTS

No costs.